UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00057-TBR

WILLIAM RALPH CLIFT, JUDITH                                              Plaintiffs
BENNETT CLIFT, CLINTON CLIFT, JR., and
BARBARA CLIFT

v.

RDP COMPANY and LAFARGE WEST, INC.                                       Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiffs William Ralph Clift, Judith Bennett Clift, Clifton Clift, Jr., and Barbara Clift's Motion to Remand. (Docket No. 9.) Defendant RDP Company has responded. (Docket No. 11.) Defendant LaFarge West, Inc. has responded. (Docket No. 12.) Plaintiffs have replied. (Docket No. 13.) This matter is now fully briefed and ripe for adjudication. For the following reasons, the Court will **DENY** Plaintiffs' Motion to Remand. (Docket No. 9.)

BACKGROUND

On March 11, 2014, Plaintiffs filed a Complaint in the Caldwell Circuit Court against Defendants. (Docket No. 1-1.) The Complaint involves a Lease where "all merchantable limestone rock and kindred substances" on approximately 72.3 acres in Caldwell County, Kentucky, was leased to an entity. (Docket No. 9-2, at 3.) This Lease was entered into on August 1, 1977, for an initial term of five years, but could be renewed for successive five year intervals for up to 99 years, through 2076, "if all stipulations, covenants, and agreements herein

contained have been well and truly kept and performed [by the lessee]." (Docket No. 1-1, at 12, 14.) The Lease grants the lessee the right to enter upon the premises and erect structures as is reasonably necessary to engage in the business of quarrying and removing limestone and other kindred substances. (*Id.* at 13.) Plaintiffs are successors to the original lessors and Defendant RDP is the successor in title to the lessee. (*Id.*) Defendant Lafarge is the sublessee of RDP. (*Id.*)

The Complaint (1) alleges trespass, and (2) requests a declaration of rights regarding uses of the Premises in conjunction with limestone operations on adjoining lands and enjoinment of the alleged trespass. (Docket No. 9-2, at 1.) Plaintiffs allege that Lafarge, in conjunction with operations on adjoining lands, has encroached upon the premises in violation of the Lease. Specifically, Plaintiffs allege Lafarge, in violation of the Lease, uses the premises for:

> (i) storage of top-soil and refuse removed from lands which adjoined the Premises ("Other Lands"), (ii) the hauling of limestone and kindred substances removed from Other Lands, and (iii) access to the quarrying operation on Other Lands.

(Docket No. 1-1, at 9.)

On March 31, 2014, the Defendants filed their Notice of Removal to this Court. (Docket No. 1.) Subsequently, on April 14, 2014, Plaintiffs moved to remand to the Caldwell Circuit Court because they allege Defendants "have not proven by a preponderance of evidence it is more likely than not the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. 1332(a)." (Docket No. 9.)

DISCUSSION

Defendants seeking removal bear the burden of proving, by a preponderance of the evidence, that the amount-in-controversy requirement is satisfied. *Hayes v. Equitable Energy*

*Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). This standard, however, "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Id.* (quoting *Gafford*, 997 F.2d at 158).

Plaintiffs note that there is no mention of any monetary values associated with their trespass claim and request for a declaration regarding use of the Premises in connection with operations on other lands. Plaintiffs argue Defendants have misstated the allegations of the Complaint in the Removal Notice in an effort to reach the $75,000 amount-in-controversy threshold by alleging Plaintiffs are seeking a declaration that the Lease will terminate early, when they are not actually requesting termination of the Lease. As will be discussed in more detail below, the Court finds that the Complaint is not requesting termination of the Lease, but that, in any event, Plaintiff's trespass claim and request for a declaration of trespass regarding the use of the Premises in conjunction with operations on adjoining lands meets the amount-in-controversy requirement.

I.  The Complaint Does Not Request Termination of the Lease

Defendants' argument that the Complaint requests termination of the Lease focuses on the prayer for relief which requests, in relevant part, that: "[t]he Court proceed to declare the rights of the parties to the Lease in accordance with KRS 418.040, et seq." (Docket No. 1-1, at 10.) Plaintiffs admit that the prayer "was less precise than it could have been", but maintains they are not seeking termination of the Lease. After reviewing the entire Complaint and the parties' briefing, the Court agrees with Plaintiffs that their Complaint did not request termination of the Lease.

Throughout the Complaint, Plaintiffs focus on the alleged trespass of Defendant Lafarge in conjunction with the operations on adjoining lands. Plaintiffs never ask for or even mentioned a termination of the Lease. Accordingly, the Court reads the request in ¶ 17 for a declaration of rights of the parties to the Lease as only in reference to whether Defendants are permitted to use the Premises in conjunction with their operations on Other Lands.

Furthermore, "the prayer of the complaint may never enlarge a plaintiff's right of recovery, which is controlled by the allegations in the body of his complaint." *Compton v. Alton Steamship Company, Inc.*, 608 F.2d 96, 105-106 (4th Cir. 1952); *see, e.g., The Weinberg Group, Inc. v. Aon Consulting, Inc.*, 2005 WL 1705200, at *4 (E.D. Va. June 28, 2005) ("A plaintiff's right to recovery is controlled by the allegations contained in the body of his complaint."). A bare reference in the prayer of the complaint to some cause of action without any allegations of fact connecting the case to that particular cause of action will not suffice to enlarge a plaintiff's right of recovery. *See Compton*, 608 F.2d at 105. While the Court disagrees with Defendants' position that the prayer's general request for a declaration was requesting termination of the Lease, even if it did Plaintiffs would not be entitled to that recovery. Plaintiffs never made any allegations that a termination of the Lease was proper or even mentioned a termination of the Lease in the Complaint. Additionally, Plaintiffs subsequently explicitly stated they were not seeking or making a request for termination of the Lease.

Defendants also argue that a letter Plaintiffs attached to and referenced in the Complaint, (Docket No. 1-1, at 9, 17-18), proves they were making a request for termination of the Lease.[1]

---

[1] "RDP and Lafarge have been notified by letter dated January 31, 2014, an unsigned copy of which is attached hereto as Exhibit B (the "Notice Letter"), that under the Last Lease they have no rights to use the Premises **with regard to the quarrying of limestone and kindred substances from Other Lands**, the storage of top-soil and

In this letter, Plaintiffs state that Defendants' "rights under the Lease are those of a holdover tenant which expire as of August 1, 2014." (*Id.* at 17.) Plaintiffs say that attachment of this letter was merely to show Defendants had notice of the trespass and not to attempt to request a termination of the Lease. (Docket No. 14, at 2 n.1.) While the Court understands why the Defendants believed Plaintiffs were requesting termination of the lease based on the attachment to and incorporation of this letter in the Complaint, the Plaintiffs are bound by the allegations made in their Complaint and, as was discussed above, did not ask for or even mention terminating the Lease in their Complaint. Accordingly, the Court finds that Plaintiff's Complaint, (Docket No. 1-1), is not requesting a termination of the Lease and, therefore, any argument that the amount-in-controversy requirement is met because a request for termination is being made is irrelevant.

II. Assessment of the Claims in the Complaint and Whether They Satisfy the Amount-In-Controversy Requirement

Without conceding that the Complaint does not request a termination of the Lease, Defendants alternatively argue that, even if there was no request for termination, Plaintiffs' request for a declaration of trespass and trespass claim independently meet the $75,000 amount-in-controversy requirement. (Docket No. 11, at 4.)

a. Request for a Declaration of Trespass

"In declaratory judgment actions, 'the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation.'" *Foundation for Interior Design Educ. Research v. Savannah Coll. of Art &*

---

refuse removed **from Other Lands** or the transportation of top-soil, refuse or limestone removed **from Other Lands**." (Docket No. 1-1, ¶ 13) (emphasis added.)

*Design*, 39 F. Supp. 2d 889, 895 (W.D. Mich. 1998) aff'd, 244 F.3d 521 (6th Cir. 2001) (quoting *Lodal, Inc. v. Home Ins. Co. of Ill.*, 156 F.3d 1230 (6th Cir. 1998)). Thus, the threshold question is the "consequence" of the Court making a trespass declaration.

Defendants note that the right of renewal in five-year increments through 2076 in the lease requires that "the stipulations, covenants, and agreements . . . [in the Lease] have been well and truly kept and performed." (Docket No. 11, at 4.) Accordingly, Defendants assert a declaration of trespassing would potentially bar them from quarrying 72.3 acres over the next 62 years and would clearly have a value of more than $75,000. In support of this assessment of the value of the Lease, Defendants have submitted affidavits of two experts: Don Hastie, (Docket No. 11-1, at 3), and Hick Winters, (Docket No. 12-1, at 3), giving their opinion that RDP's interest in the Lease is worth more than $75,000 and termination of the Lease would cost RDP "in excess of $75,000 net profits, reduced to present value."

Plaintiffs' reply brief, (Docket No. 13), argues that such a declaration would only *potentially* terminate the lease when the next right of renewal exercise date came up because it could give them a basis upon which to deny the right of renewal. Therefore, Plaintiffs state any discussion about the Lease terminating is pure speculation and that issue is not ripe. Plaintiffs also state that the next exercise date for the right of renewal is not until *August 1, 2017*, and that Defendants' two experts only offer evidence on the value of the Lease if it was terminated *August 1, 2014*—they have done nothing to indicate the anticipated value of the Lease as of August 1, 2017. (Docket No. 13, at 4.)

While Plaintiffs have pointed out legitimate fallacies in Defendants' reasoning and the experts' testimony, the Court finds that the "value of the consequences" which would result from

the declaration clearly exceeds $75,000. A declaration of trespass would provide Plaintiffs' a potential basis upon which to terminate the Lease. Whether the possible termination date is August 1, 2014, or August 1, 2017, Defendants quarrying and removing limestone and other kindred substances would prematurely end at least 59 years prior to when the Lease could have continued to be renewed. Given the experts' testimony "that the Premises has far in excess of $75,000.00 worth of limestone that can be quarried under the Lease between now and the Lease's termination" and that RDP "stands to lose in excess of $75,000.00 in net profits" if the Lease expired, (Docket No. 11-1, at 3), the Court finds that a declaration that Defendants' use of the Premises in conjunction with operations on adjoining lands amounts to trespass meets the amount-in-controversy requirement.

   b. Trespass Damages Claim

The trespass damages claim would also independently meet the amount-in-controversy threshold. The amount-in-controversy requirement is inclusive of compensatory damages, punitive damages, awards for attorneys' fees, and statutory interest awards. *See, e.g., Hampton v. Safeco Ins. Co. of America*, 2013 WL 1870434, at *1 (E.D. Ky. May 3, 2013) (stating that reasonable attorney's fees and statutory penalties can be considered in determining amount in controversy, and citing Sixth Circuit precedent finding the same). In this case, Plaintiffs request punitive damages, prejudgment interest, and reasonable attorney's fees and costs, in addition to damages for trespass, enjoinment of the trespass, and a declaration that Defendants are not permitted to use the Premises in conjunction with their operations on Other Lands. (Docket No. 1-1, at 10.) Notably, the Supreme Court has embraced a punitive-to-compensatory damages ratio near 4:1. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-26 (2003).

Plaintiffs have not provided any information about the amount of their damages from the trespass and do not stipulate the damages they are seeking are less than $75,000. They do allege that: "[t]he aforesaid trespass has prevented the Clifts from the full utilization of the Premises and has caused a diminution in the fair market value of the Premises." (Docket No. 1-1, ¶ 13.) While they state in their reply brief that compensatory damages for trespass are "modest", (Docket No. 13, at 7), even assuming a modest award of $15,001 for trespass would exceed the $75,000 requirement when taking into account punitive damages at a 4:1 ratio to compensatory damages. This conclusion does not even take into account values for a declaration of trespass (which could potentially interrupt and make more costly Defendants' operations on Other Lands), prejudgment interest, and reasonable attorney's fees and costs. Therefore, the Court finds that Plaintiffs' trespass claim also satisfies the amount-in-controversy requirement.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Plaintiffs Motion to Remand, (Docket No. 9), is **DENIED**.

IT IS SO ORDERED.

Date:

cc: Counsel