UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH
CASE NO. 5:14-CV-00057

WILLIAM RALPH CLIFT, JUDY BENNETT
CLIFT, CLIFTON CLIFT, JR., AND
BARBARA CLIFT,                                                                                    Plaintiffs,

v.

LAFARGE WEST, INC,                                                         Defendant and Cross-claimant,

and

RDP COMPANY,                                                                Defendant, Counter-claimant,
                                                                                                    Cross-claimant, and
                                                                                                    Third Party Plaintiff,

v.

MARTIN MARIETTA MATERIALS, INC.,                                      Third Party Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Martin Marietta Materials, Inc.'s Motion to Bifurcate Trial and Stay Claims Related to the Third-Party Complaint. (Docket No. 45). RDP Company and Lafarge West, Inc., have each responded, (Docket Nos. 48, 52), and Martin Marietta has replied, (Docket Nos. 51, 56). Fully briefed, the matter stands ripe for adjudication. For the reasons set forth below, the Court will **GRANT IN PART** and **DENY IN PART** Martin Marietta's motion.

**BACKGROUND**

This lawsuit arises from the alleged breach of a lease relating to the removal of limestone and other use of certain real property in Caldwell County, Kentucky. Plaintiffs in the case are RDP's landlords. RDP leases land (the "Premises") from the Plaintiffs for the purposes of,

among other things, quarrying limestone. On May 5, 1997, RDP subleased the Premises to Martin Marietta, Inc. ("MMM"). MMM then assigned its interests in that lease to LaFarge West, Inc. ("LaFarge").

The Plaintiffs contend that the lease was breached by various activities that occurred in the operation of the quarry and that a portion of the land was mined prior to 2014 and they did not receive any royalty payments. They assert claims for trespass, declaration of rights, vacation of the premises, statutory waste, and claims seeking to have the lease voided or reformed. Further, RDP brings a claim against Marietta, alleging that any liability for the Plaintiff's claims is attributable, at least in part, to MMM.

MMM now moves the Court to bifurcate the trial of RDP's third-party claims against it and to stay the proceedings related to such claims. Martin Marietta argues that judicial economy weighs in favor of its motion, and that resolving the primary claims by Plaintiffs against RDP could render the third-party complaint against MMM moot.  (Docket No. 45). RDP and Lafarge both object to MMM's motion in part, contending that while the issues related to damages should be bifurcated and stayed, the matters surrounding liability should remain unified. (Docket Nos. 48, 52).

## STANDARD

Fed. R. Civ. P. 42 allows courts to bifurcate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." "[A] district court ha[s] broad discretion to order separate trials[.]" *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988). "In determining whether separate trials are appropriate, the court should consider several factors, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (internal citation omitted).

Bifurcation may be appropriate "where the evidence offered on two different issues will be wholly distinct, or where litigation of one issue may obviate the need to try another issue." *Athridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 635 (D.D.C. 2010). The burden to establish the appropriateness of bifurcation rests with the movant. *See, e.g., Brantley v. Safeco Ins. Co. of Am.*, 1:11-CV-00054-R, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011).

## DISCUSSION

In light of these considerations, the Court concludes that these facts do not warrant bifurcation. Should Plaintiffs' claims against RDP fail, the need to litigate the indemnity issue will dissolve. Such an outcome would render the third-party complaint against MMM moot. However, the third-party claims against MMM appear to be intimately associated with Plaintiffs' underlying claims: RDP's third-party complaint alleges that an agency relationship existed between the two companies, obligating MMM to ensure compliance with the lease during its occupancy. Accordingly, the same evidence presented to establish the underlying claims may also serve as proof of liability for the third-party claims. This likely duplication of evidence suggests that bifurcation would serve neither judicial economy nor the convenience of the parties. Although MMM may bear no ultimate liability, "[i]t is the interest of efficient judicial administration that is to be controlling, rather than the wishes of the parties." *In re Bendectin Litigation*, 857 F. 2d at 307. The Court is not convinced that separate trials would yield a more just disposition of the litigation.

For the same reasons, the Court reaches a similar conclusion regarding MMM's request to stay discovery and any proceedings related to the third-party complaint pending resolution of the liability issues. Allowing such a stay would facilitate the possibility of needless duplicative discovery in both matters, with the same witnesses, documents, and legal and factual issues

appearing in each of the actions. Such a result would neither advance judicial economy nor contribute to the expeditious resolution of this lawsuit. Accordingly, the Court will deny MMM's motion in this regard.

Finally, the Court turns to the portion of MMM's motion that seeks bifurcation of issues related to damages sought in the Third-Party Complaint. Neither RDP nor Lafarge object to this proposition. Therefore, the Court will grant MMM's motion to the extent that it seeks to bifurcate the matter of damages.

## CONCLUSION

IT IS HEREBY ORDERED that MMM's motion to bifurcate trial and stay claims related to the third-party complaint, (Docket No. 45), is **GRANTED IN PART** and **DENIED IN PART**. The issue of damages relating to the claims made in the third-party complaint shall be bifurcated and the action stayed with respect to those issues. The issues with respect to liability relating to the claims made in the third-party complaint shall not be bifurcated or stayed.

IT IS SO ORDERED.